Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| María V. Pérez Rodríguez | | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
|---|---|---|
| Apelante | | |
| vs. | TA2025AP00104 | |
| Autoridad de Energía Eléctrica de P.R. y otros | | Civil Núm.: SJ2019CV11503 |
| Apelados | | Sobre: Ley de Represalias (Ley Núm. 115-1991) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 25 de agosto de 2025.

Comparece la Sra. María Pérez Rodríguez (en lo sucesivo, Sra. Pérez Rodríguez o apelante) y nos solicita la revocación de la Sentencia emitida el 25 de junio de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario). Mediante el referido dictamen, el foro primario declaró con lugar la Moción de Sentencia Sumaria presentada por la Autoridad de Energía Eléctrica de Puerto Rico (en lo sucesivo, AEE o apelada). En consecuencia, desestimó la Querella sobre represalias radicada por la apelante.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, desestimamos el dictamen apelado por los fundamentos que expondremos a continuación.

### I.

La Sra. Pérez Rodríguez presentó una Querella el 17 de julio de 2014 contra la AEE, en la cual denunció acoso sexual y un

---

[1] Notificada el 26 de junio de 2025.

ambiente hostil por parte de su supervisora. Empero, mediante "Sentencia" de 12 de julio de 2017, el referido pleito fue paralizado en virtud de la radicación de quiebra de la AEE, según facultada por la Puerto Rico Oversight, Management, and Economic Stability Act, 48 USCA sec. 2101 *et seq.*

Posteriormente, la apelante presentó el 1 de noviembre de 2019 la Querella de epígrafe, en esta ocasión sobre represalias y daños extracontractuales, al amparo del procedimiento sumaria instituido en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 del 17 de octubre de 1961 (en adelante, Ley Núm. 2). En ella adujo que, debido a la paralización de la Querella radicada en el 2024, la AEE reanudó las acciones adversas en su contra en clara represalias por su reclamo judicial.[2]

El 27 de noviembre de 2019, la apelada presentó su Contestación a la Querella, en la cual negó las alegaciones sobre represalias, entre otras cosas, por entender que estas fueron de naturaleza general pues no ofrecieron detalles sobre incidentes específicos. A su vez, la AEE levantó como defensa afirmativa la figura de daños sucesivos, pues apreció que los daños propuestos en el pleito de epígrafe emanan de la causa de acción alegada en la Querella de 2014. Por tal razón, arguyó que el presente pleito debió ser igualmente paralizado.

Ese mismo día, la AEE a su vez presentó una Moción para que Ordene Trámite por la Vía Civil Ordinaria. Adujo la apelada que, teniendo en cuenta las alegaciones relacionadas a hostigamiento y discrimen, no era de aplicación el proceso sumario

---

[2] Señaló que: 1) tuvo que volver a reportarse ante la supervisora que había incurrido en la conducta denunciada en la Querella del 2014 quien de inmediato restableció el ambiente hostil en su contra; 2) se le eliminaron funciones; 3) no se le consideró para tiempo extra; 4) experimentó traslados injustificados; 5) se le negaron los servicios del programa de ayuda al empleado; 6) se le negó el derecho a ser evaluada por el médico consultor de la AEE; 7) sufrió regaños, memorandos y cargos injustificadamente; 8) se le intentó afectar su decisión de acogerse a la jubilación por años de servicio, entre otros incidentes. Véase, apéndice del recurso de apelación, anejo 2, pág.

que establece la Ley Núm. 2, *supra.* Razonó la parte que la tramitación del caso por la vía civil ordinaria permitiría al TPI dilucidar, de manera mas efectiva, la veracidad de las alegaciones y estar en mejor posición para adjudicar las controversias entre las partes.

Mediante Orden dictada el 4 de diciembre de 2019, el foro primario indicó que atendería dicha moción en la conferencia inicial a celebrarse ese mismo mes. Empero, no se desprende de la Minuta de la conferencia inicial, celebrada el 19 de diciembre de 2019, que el TPI haya hecho algún pronunciamiento sobre el petitorio. A pesar de ello, la Minuta sí recoge lo discutido sobre el descubrimiento de prueba. En particular, el TPI dictaminó que, debido a la paralización de la primera Querella en el 2017, el descubrimiento de prueba del caso de epígrafe quedaría limitado al periodo posterior a la paralización.

Tras varios trámites procesales, el 18 de abril de 2024, la AEE presentó Moción Solicitando Paralización de los Procedimientos, la cual fue declarada sin lugar el 14 de junio de 2024. Dicha determinación fue confirmada por este Tribunal de Apelaciones en nuestra Sentencia del 25 de septiembre de 2024, identificada con el alfanumérico KLCE202400901. En esa ocasión, pautamos que era improcedente la paralización del pleito puesto que, si cumplíamos con nuestro llamado de interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible, era evidente que la apelante hizo alegaciones de hechos posteriores al 2017, entiéndase, posterior a la paralización de la Querella del 2014. Sostuvimos, además, que no estaríamos adentrándonos en el análisis sobre la figura de daños continuos por ser una controversia prematura en esa etapa de los procedimientos.

Culminado el descubrimiento de prueba, la AEE presentó el 13 de diciembre de 2024 una Moción de Sentencia Sumaria en la modalidad de insuficiencia de prueba. En síntesis, la apelada esgrimió que la Sra. Pérez Rodríguez no produjo evidencia para establecer un nexo causal entre una actividad protegida y las supuestas acciones adversas tomadas por la apelada.

Propuso la AEE que, el primer incidente que la apelante entiende como constitutivo de represalias ocurrió en el 2017, con la notificación de una carta de exhortación cursada el 15 de noviembre de 2017 por su supervisora.[3] Incidente que, a su juicio, no se puede vincular con la presentación de la Querella de 2014 por tratarse de un periodo prolongado entre ambos sucesos. Aun vinculándolos, la apelada insistió que todos los incidentes impugnados por la apelante fueron decisiones administrativas legítimas y no discriminatorias. A raíz de lo anterior, señaló que, la Sra. Pérez Rodríguez falló en producir evidencia sobre el requisito de proximidad que exige la Ley Núm. 115-1991, *infra,* o cualquier otro tipo de evidencia según las alternativas provistas en la jurisprudencia y la referida pieza legislativa, por lo que procedía que se dictara sentencia desestimando la Querella.

El 21 de enero de 2025, la apelante presentó su Oposición a Moción en Solicitud de Sentencia Sumaria. En ella indicó que, la actividad protegida son las alegaciones vertidas en la Querella del 2014. A tenor, negó el hecho propuesto por la AEE donde adujo que el supuesto primer incidente constitutivo de represalias fue la carta de exhortación cursada a la apelante por su supervisora. Ello, pues surge del récord que próximo a la paralización, la Sra. Pérez Rodríguez sufrió incidentes tales como la remoción de tareas, la reubicación a un área de trabajo aislada, la prohibición de comunicarse con otros supervisores, y la formulación de cargos

---

[3] Véase, apéndice de la Moción de Sentencia Sumaria, anejo 3.

disciplinarios. Finalmente, argumentó que, aunque no se reconozca la proximidad temporal, las represalias se pueden evidenciar con prueba sobre sus condiciones de trabajo que obran del expediente, que la AEE no pudo justificar. En consecuencia, solicitó que la moción fuese declarada sin lugar, para que la reclamación sea ventilada en los méritos.

En respuesta, la apelada presentó su Réplica a Oposición de Sentencia Sumaria el 18 de febrero de 2025. En ella, la AEE reiteró los argumentos previamente esbozados en su moción de sentencia sumaria. Similarmente, el 20 de febrero de 2025, la Sra. Pérez Rodríguez presentó su Dúplica con Relación a Moción de Sentencia Sumaria, donde de igual forma recalcó sus posturas. Con las comparecencias de ambas partes, el caso quedó sometido ante la consideración del foro primario.

Mediante su Sentencia emitida el 25 de junio de 2025, el TPI declaró con lugar la Moción de Sentencia Sumaria presentada por la AEE. En ella expuso que, los incidentes alegados ocurrieron más de tres (3) años posterior a la paralización de la Querella de 2014. Por tanto, el tiempo prolongado entre la actividad protegida y la alegada acción adversa rompe cualquier presunción de causalidad temporal. Razonó el foro primario que, toda vez que la apelante no pudo sostener su reclamación mediante proximidad temporal, le tocaba demostrar el nexo causal a través de prueba adicional, lo cual tampoco logró. Sobre este particular, el TPI expuso que era un hecho incontrovertido que las actuaciones administrativas de la AEE fueron justificadas y respondieron al criterio de sana administración dentro del departamento donde trabajaba la Sra. Pérez Rodríguez. Concluyó, a su vez, que no existe controversia de que los cambios administrativos y traslados no fueron exclusivos a la Sra. Perez Rodríguez, pues se les aplicaron a todos los empleados de su departamento; al igual que

no existe controversia de que muchas de las decisiones tomadas por la AEE no fueron arbitrarias ni malintencionadas, sino que muchas de ellas fueron consecuencia de solicitudes de la Sra. Pérez Rodríguez y acordadas con su representación sindical.

Insatisfecha con el pronunciamiento del TPI, la Sra. Pérez Rodríguez recurre el 9 de julio de 2025 ante este foro apelativo intermedio y nos señala la comisión de los siguientes errores:

> *Primer Error: Erró el Tribunal de Primera Instancia al aplicar incorrectamente el estándar de la Regla 36 de Procedimiento Civil, toda vez que no analizó la totalidad de la evidencia en la luz más favorable a la Apelante (la parte no promovente), e indebidamente adjudicó la credibilidad y pesó la prueba para concluir que no existían controversias genuinas de hechos materiales.*

> *Segundo Error: Erró el Tribunal de Primera Instancia al realizar un análisis legal restrictivo y equivocado sobre el elemento de causalidad en una reclamación bajo la Ley 115. El TPI limitó su análisis a la proximidad temporal desde la radicación de la querella original en 2014, ignorando la contundente evidencia presentada por la Apelante que establecía un patrón de conducta antagónica que se desató inmediatamente después de la paralización del caso en 2017, sirviendo este evento como el catalizador de las represalias.*

> *Tercer Error: Erró el Tribunal de Primera Instancia al concluir que la AEE había demostrado una razón legítima y no discriminatoria para acciones, y al descartar la sustancial evidencia de pretexto presentada por la Apelante, la cual creaba una controversia genuina de hechos que debía ser evaluada por un juzgador de hechos en un juicio plenario.*

Mediante Resolución emitida el 14 de julio de 2025, esta Curia le otorgó un término a la AEE, a vencer el 5 de agosto de 2025, para que presentará su alegato en oposición. Según ordenado, la apelada compareció con su Alegato de Apelación, por tanto, procedemos a resolver con el beneficio de ambas comparecencias.

## II.

### A.

Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118, mejor conocida como la Ley de Procedimiento Sumario de

Reclamaciones Laborales (en adelante, Ley Núm. 2), fue promulgada para establecer un procedimiento sumario para aquellos pleitos que envuelven reclamaciones por parte de los obreros y empleados contra sus patronos, reconociendo así la política pública de facilitar y acelerar la resolución de los casos. *Peña Lacern v. Martínez Hernández*, 210 DPR 425 (2022). Mediante el precitado estatuto, y con el propósito de lograr una rápida disposición del pleito, el legislador modificó el proceso que ordinariamente regula los pleitos civiles.

En lo que nos concierne, la Sección 4 del precitado estatuto provee que:

> *[L]a parte afectada por la sentencia dictada en los casos mencionados en esta sección podrá acudir mediante auto de certiorari al Tribunal de Apelaciones,* **en el término jurisdiccional de diez (10) días siguientes a la notificación de la sentencia** *para que se revisen los procedimientos exclusivamente.* 32 LPRA sec. 3121. (Énfasis provisto).

Lo anterior pues, la naturaleza sumaria del procedimiento dispuesto en la Ley Núm. 2, *supra*, requiere diligencia y prontitud en la tramitación de las reclamaciones laborales, incluyendo la etapa apelativa.  Conforme ha expresado nuestra Alta Curia, "la naturaleza sumaria que provee la Ley 2 constituye su característica esencial, por lo que tanto las partes como los tribunales deben respetarla".  *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018).

**B.**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración.  *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).  La jurisdicción se refiere al poder o autoridad que posee un tribunal para considerar y decidir casos o controversias.  *R&B Power, Inc. v. Junta de Subastas ASG*, 213

DPR 685, 698 (2024), citando a *Cobra Acquisitions v. Mun. De Yabucoa et al.*, 210 DPR 384, 394 (2022).

Nuestro Tribunal Supremo ha sido enfático que los tribunales debemos ser celosos guardianes de su jurisdicción, por lo que no tenemos discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). En ese sentido, los foros judiciales tenemos el deber ineludible de atender con preferencia los asuntos concernientes a la jurisdicción. *R&B Power, Inc. v. Junta de Subastas ASG, supra.* Esto, pues, "[u]na vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la desestimación inmediata del recurso". *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

Es norma reiterada que, para adjudicar un caso, los foros judiciales de Puerto Rico deben tener jurisdicción sobre la materia, así como sobre las partes litigiosas. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 1.ra ed., Colombia, 2010, pág. 25. Es el Estado el único que puede, a través de sus leyes, privar a un tribunal de jurisdicción sobre la materia, ya sea por disposición expresa o por implicación necesaria. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023). La falta de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al,* 204 DPR 89, 101-102 (2020).

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ___ (2025), nos otorga la facultad para desestimar un recurso cuando, entre otras circunstancias, este Tribunal de Apelaciones carece de jurisdicción para atender el mismo.

La presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402, 415 (2022). Lo determinante para concluir si un recurso es prematuro o tardío es su fecha de presentación. *Íd.* Un recurso es prematuro cuando se ha presentado con relación a una determinación que se encuentra pendiente y no ha sido resuelta. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra,* a la pág. 274. En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto en ley para recurrir. *Yumac Home v. Empresas Massó, supra,* a la pág. 107.

Ahora bien, las consecuencias de uno y otro son distintas. La desestimación de un recurso tardío es final, y priva fatalmente a la parte de presentarlo nuevamente. *Pueblo v. Rivera Ortiz, supra,* a la pág. 415. En cambio, un recurso desestimado por prematuro permite a la parte afectada presentarlo nuevamente en el momento oportuno. *Íd.* Esto es, luego de que cuando el foro recurrido resuelva lo que tenía ante su consideración. *Yumac Home v. Empresas Massó, supra,* a la pág. 107.

En resumen, los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra.*

### III.

En su Alegato de Apelación, la AEE nos señala como primer argumento que esta Curia carece de jurisdicción para atender el presente recurso toda vez que se presentó tardíamente. En síntesis, la parte aduce que, por tratarse de un procedimiento sumario al amparo de la Ley Núm. 2, *supra,* la apelante ostentaba un término de 10 días para recurrir ante este foro intermedio, término con el cual incumplió. Adelantamos que le asiste la razón.

Primeramente, la AEE nos indica que el pleito de epígrafe, instado al amparo de las provisiones de la Ley Núm. 2, *supra,* nunca fue convertido a un proceso ordinario, contrario a lo que alegó la Sra. Pérez Rodríguez en su escrito de apelación. Aclara que, aunque el foro primario tuvo ante si una solicitud de conversión presentada por la propia AEE, según se refleja en la Minuta notificada el 20 de diciembre de 2019, el TPI nunca hizo pronunciamiento sobre tal petitorio. Añade que, tan reciente como el 9 de octubre de 2024, la representación legal de la Sra. Pérez Rodríguez admitió en corte abierta que el presente pleito laboral se estaba tramitando como uno sumario, pues no se había convertido en un procedimiento ordinario. Expresiones que fueron capturadas en la Minuta Resolución notificada el 22 de octubre de 2024.

De una leída de la referida Minuta Resolución notamos que el TPI hizo constar que el caso, aunque instado al amparo de un proceso sumario, continuaba litigándose cinco años después de su presentación, contraviniendo así su naturaleza sumaria. Por dicha razón apercibió a las partes que, de incumplir con cualquiera de las órdenes dictadas en la propia Minuta Resolución, precedería a imponer sanciones.

Por todo lo anterior, y contrario a lo que aduce la Sra. Pérez Rodríguez en su recurso de apelación,[4] no estamos en posición de concluir que el TPI ordenó la tramitación del pleito por la vía civil ordinaria. Siendo ello así, colegimos que le aplican los términos jurisdiccionales de la Ley Núm. 2, *supra.* Veamos.

Según se desprende del tracto procesal examinado, el Tribunal de Primera Instancia notificó la Sentencia apelada el 26 de junio de 2025. Para cumplir con el término jurisdiccional de diez (10) días que establece la Ley Núm. 2, *supra,* la Sra. Pérez Rodríguez tenía hasta el 7 de julio de 2025 para interponer su escrito de apelación. No obstante, según obra del expediente la apelante presentó su recurso el 9 de julio de 2025, dos (2) días luego del vencimiento del término.

De acuerdo con el derecho examinado en el acápite anterior, la presentación tardía de un recurso impide que atendamos en los méritos los señalamientos de error en él levantados. Por tal motivo, en observancia de nuestro deber de ser celosos guardianes de nuestra jurisdicción, lo que procede es desestimar, sin más, el recurso ante nuestra consideración.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso de apelación presentado por la Sra. María Perez Rodríguez, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Adames Soto disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Véase, pág. 4 del escrito de Apelación.